UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NUMBER _____

_____

Tonya Mills,

        Plaintiff,

v.

Williams & Fudge, Inc.,

        Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

_____

1. Tonya Mills ("Consumer") brings this action to address the violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by Williams & Fudge, Inc. ("Debt Collector").

## JURISDICTION, VENUE, AND PARTIES

2. The United States District Court has jurisdiction over all FDCPA claims and federal questions. 15 U.S.C. § 1692k(d); 28 U.S.C. § 1331.

3. Venue is proper because a substantial part of the events giving rise to this claim occurred in Minnesota. 28 U.S.C. § 1391(b)(2).

4. Consumer is a natural person residing in Minneapolis, Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Debt Collector is a South Carolina corporation with a registered address of 100 South Fifth Street #1075, Minneapolis, MN 55402. Debt Collector's

principal business and purpose is the collection of debts, making it a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FDCPA REQUIREMENTS

6. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

7. "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

## FACTS

8. Consumer incurred a debt to Regency Beauty Institute for $4231.00 in 2009 (the "Debt"). *See withdrawal letter attached as* **EXHIBIT A**.

9. Regency Beauty Institute is an assumed name for Regency Corporation, a Minnesota business corporation headquartered at 1600 Utica Ave South, 9th Floor, St. Louis Park, MN 55416.

10. Regency Beauty Institute assigned the Debt to Debt Collector or hired Debt Collector to collect the Debt sometime thereafter.

11. Consumer filed bankruptcy on September 30, 2011 and discharged the Debt on January 4, 2012. 11-46468-RJK; *see discharge attached as* **EXHIBIT B**.

12. 11 U.S.C. § 524(a)(2) states that "[a] discharge in a case under this title . . .

operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . ."

13. Debt Collector currently reports the status of the Debt to Equifax, Inc. as "In Bankruptcy . . . Bankruptcy chapter 7." *See credit report attached as* **EXHIBIT C**.

14. Consumer sent a letter to Equifax Inc. on March 29, 2013 disputing the reporting of the Debt on her credit report. *See letter attached as* **EXHIBIT D**.

15. Debt Collector sent Consumer a collection letter on May 1, 2013 claiming an "Amt Owed 4231.00" and stating that "[t]his communication is from a debt collector and is an attempt to collect a debt." *See letter attached as* **EXHIBIT E**.

16. The letter provided Consumer a series of ways to pay the alleged balance, including "electronic check (ACH), check over the phone, Visa, Master Card, and Discover . . . Payment may also be made on our Internet website . . . ." *See* **EXHIBIT D**.

## COUNT I: VIOLATION OF 15 U.S.C. § 1692e

17. Consumer incorporates all other allegations as if set forth herein in full.

18. Debt Collector sent Consumer a letter representing that Consumer still owed a balance on a Debt which she had discharged through bankruptcy,

and attempted to collect this balance.

19. Debt Collector violated 15 U.S.C. § 1692e(2)(A) by misrepresenting a $4231.00 balance on the discharged Debt in an attempt to collect it from Consumer.

20. Debt Collector also violated the general 15 U.S.C. § 1692e prohibition on "false, deceptive, or misleading representations or means in connection with the collection of any debt" by falsely representing a balance on a discharged Debt.

21. Debt Collector's letter has caused Consumer to suffer emotion distress, confusion, anxiety, and fear.

22. Consumer is entitled to actual damages in the amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Debt Collector in an amount to be determined by the Court.  15 U.S.C. § 1692k.

23. Consumer reserves her right to move for punitive damages.

## COUNT II: VIOLATION OF 15 U.S.C. § 1692f

24. Consumer incorporates all other allegations as if set forth herein in full.

25. Debt Collector used "unfair or unconscionable means" in an attempt to collect the discharged Debt from Consumer by misconstruing the status of her bankruptcy and the effect of a legal discharge on the Debt.

26. Debt Collector's unfair means led Consumer to believe that she still owed a

Debt that she did not.

27. Debt Collector's letter has caused Consumer to suffer emotion distress, confusion, anxiety, and fear.

28. Consumer is entitled to actual damages in the amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Debt Collector in an amount to be determined by the Court.  15 U.S.C. § 1692k.

## JURY TRIAL

29. Consumer demands a jury per U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Consumer requests an Order for the following relief:

1. Judgment in favor of Consumer and against Debt Collector for actual damages in an amount to be determined at trial, $1,000.00 in statutory damages, the costs of this action, and reasonable attorney's fees.

2. All other relief which the Court deems just and equitable.

Dated: 5/21/13

　　　　　　　　　　　　　/s/ Bennett Hartz
　　　　　　　　　　　　　Jonathan L. R. Drewes (#387327)
　　　　　　　　　　　　　Bennett Hartz (#393136)
　　　　　　　　　　　　　DREWES LAW, PLLC
　　　　　　　　　　　　　1516 West Lake Street, Ste 300
　　　　　　　　　　　　　Minneapolis, MN 55408
　　　　　　　　　　　　　T (612) 285-3064
　　　　　　　　　　　　　F (612) 285-3062
　　　　　　　　　　　　　bennett@dreweslaw.com
　　　　　　　　　　　　　*Attorneys for Consumer*